# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN SANTANA; HURI MORENO,<br><br>　　　　　　　　　　　Plaintiffs,<br>　vs.<br>FIRST NLC FINANCIAL SERVICES, LLC; AMERICAN CAPITAL FINANCIAL SERVICES, INC., SAXON MORTGAGE SERVICES, INC.,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 08cv2228 JM(POR)<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE |

Plaintiffs commenced this Truth in Lending Act action on December 2, 2008. While the summons has issued, Defendants have yet to be served with the complaint. On December 8, 2008 Plaintiffs filed a motion for a temporary restraining order ("TRO") seeking to enjoin the foreclosure sale of Ms. Santana's home currently scheduled for December 11, 2008.[1] Plaintiffs also move to dispense with the bond or security requirement of Federal Rule of Civil Procedure 62.

The court declines to rule on the TRO motion until after Defendants are served with the summons, complaint, and moving papers. True ex parte relief under Rule 65(b), like that requested by Plaintiffs here, is justified only in the most extraordinary circumstances. The stringent requirements of Rule 65(b) recognize that "our entire jurisprudence runs counter to the notion of court

---

[1] According to the Proof of Service accompanying the TRO motion, Plaintiffs mailed copies of the motion to Defendants on December 8, 2008. Consequently, it is unlikely that Defendants have yet to receive notice of this action.

1  action taken before reasonable notice and an opportunity to be heard has been granted both sides of
2  a dispute." <u>Granny Goose Foods, Inc. v. Brotherhood of Teamsters</u>, 415 U.S. 423, 438-39 (1974).
3      Here, Plaintiffs, represented by counsel since at least July, 2008 ( Haskins Decl. ¶2), have
4  known for weeks or months about the foreclosure sale yet waited until the eve of the sale to move <u>ex</u>
5  <u>parte</u> for relief.  As a prerequisite to granting <u>ex parte</u> relief under Rule 65(b), Plaintiff's counsel must
6  certify "in writing any efforts made to give notice and the reasons why it should not be required."
7  Fed.R.Civ.P. 65(b)(1).  As Plaintiffs' counsel fails to set forth any basis for the court to forego notice
8  to Defendants prior to granting injunctive relief, the motion for a TRO is denied without prejudice.
9
10      In sum, the motion for a TRO is denied without prejudice.  Plaintiffs are informed that, after
11  notice to Defendants, the court will move expeditiously on any further request for injunctive relief.
12  **IT IS SO ORDERED.**
13  DATED:  December 10, 2008
14                                                _____
15                                                Hon. Jeffrey T. Miller
                                              United States District Judge
16  cc:       All parties
17
18
19
20
21
22
23
24
25
26
27
28